FILED & ENTERED

DEC 20 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JEFFREY SCOTT TRAWICK and STEPHANIE F. BERRY,<br><br>Debtors. | Case No. 2:12-bk-12581-RK<br><br>Chapter 7<br><br><br>**STATEMENT OF DECISION ON TRUSTEE'S MOTION OBJECTING TO DEBTORS' AMENDED CLAIM OF EXEMPTION IN THE INHERITED IRA UNDER 11 U.S.C. § 522(b)(3)(C)**<br><br>DATE:    December 10, 2013<br>TIME:    1:30 p.m.<br>PLACE:   Courtroom 1675<br>        Roybal Federal Bldg<br>        255 East Temple Street<br>        Los Angeles, CA 90012 |

The contested matter of the motion of Richard K. Diamond, Chapter 7 Trustee, objecting to the amended claim of exemption of debtors Jeffrey Scott Trawick and Stephanie F. Berry in the asset known as the Inherited IRA (or Individual Retirement Account) came on for hearing before the undersigned United States Bankruptcy Judge on December 10, 2013. Kevin D. Meek, of the law firm of Danning, Gill, Diamond & Kollitz, LLP, appeared for the trustee. Mark T. Young, of the law firm of Donahoe & Young, LLP, appeared for the debtors.

1    At the hearing, the parties advised the court that the trustee was not filing any

2   response to the debtors' supplemental evidence and briefing to show that the Inherited

3   IRA has received a favorable determination under Section 7805 of the Internal Revenue

4   Code, 26 U.S.C.,[1] to qualify for exemption pursuant to Section 522(b)(3)(C) of the

5   Bankruptcy Code, 11 U.S.C., that there were no remaining factual issues regarding

6   whether the Inherited IRA received such a favorable determination and that the court may

7   proceed to rule on the trustee's motion objecting to the amended claim of exemption in

8   this asset, having ruled upon the other issues pertaining to the motion.  The court notes

9   that at the hearing, the parties reserved their rights to contest the court's ultimate

10   disposition of the motion on appeal.

11    Having reviewed the debtors' supplemental evidence and briefing on whether the

12   Inherited IRA received a favorable determination under the Internal Revenue Code, and

13   having considered the lack of a response to this supplemental evidence and briefing,

14   the court finds that the debtors have met their burden of showing the Inherited IRA has

15   received a favorable determination under Section 7805 of the Internal Revenue Code for

16   purposes of Section 522(b)(3)(C) of the Bankruptcy Code by submitting admissible and

17   credible evidence that the Inherited IRA was issued by an annuity insurance company

18   pursuant to a Favorable Determination Letter issued by the Internal Revenue Service.  As

19   attested to in a declaration of an officer and custodian of business records of the annuity

20   insurance company, Americo Financial Life and Annuity Insurance Company, Dallas,

21   Texas, the Inherited IRA was an individual annuity policy issued as an individual

22   retirement account to Roberta J. Berry, debtor Stephanie J. Berry's mother, which was

23   issued in April 2003 by the company pursuant to a Favorable Determination Letter issued

24   by the Internal Revenue Service on or about September 25, 2002.  *Declaration of M.*

25   *Michelle Bridges ("Bridges Declaration"),* filed on November 22, 2013, ¶ 3.  A copy of the

26   _____

[1] Section 7805 of the Internal Revenue Code authorizes the Secretary of the Treasury to prescribe rules and
27   regulations for enforcement of the internal revenue laws, including the issuance of rulings.  Such authority has been
redelegated to the Internal Revenue Service.  26 U.S.C. § 7805.

28

2

IRS Favorable Determination was attached to the Bridges Declaration, which states in pertinent part:

> "[T]he form of the prototype . . . annuity contract identified above is acceptable under § 408 of the Internal Revenue Code . . . Each individual who adopts this approved prototype will be considered to have an IRA that satisfies the requirements of Code section 408, provided the individual follows the terms of the approved prototype, does not engage in certain transactions specified in Code section 408(e). . . ."

*Exhibit 2 to Bridges Declaration.*[2]  According to Ms. Bridges, the IRS Favorable Determination Letter has never been revoked and remains in effect as to the Inherited IRA.  *Bridges Declaration, ¶ 4, and Exhibit 2 attached thereto.*  Furthermore, the notices sent by the annuity insurance company to Roberta J. Berry, the original owner of the Inherited IRA and debtor Stephanie J. Berry's mother, which notices are business records of the company, further indicate that the Inherited IRA was a tax-exempt account pursuant to the Internal Revenue Code consistent with the IRS Favorable Determination Letter.  *Bridges Declaration, ¶ 5, and Exhibit 3 attached thereto.*

As the Ninth Circuit Bankruptcy Appellate Panel stated in *Mullen v. Hamlin (In re Hamlin),* 465 B.R. 863 (9th Cir. BAP 2012), in order "[f]or an IRA to be exempt under [11 U.S.C.] § 522(b)(3)(C), it must meet only two requirements: (1) the amount  debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the [Internal Revenue Code] specified in § 522(b)(3)(C)."  465 B.R. at 870 (internal quotation marks omitted).   As provided in Section 522(b)(4)(A), if the retirement funds are in a retirement fund that has received a favorable determination under Section 7805 of the Internal Revenue Code and

---

[2] Section 408 of the Internal Revenue Code generally governs the tax treatment of individual retirement accounts and sets forth the conditions of exemption for such accounts for federal income tax purposes.  26 U.S.C. § 408.

1  that determination is in effect when the bankruptcy petition is filed, the funds are

2  presumed to be exempt from the bankruptcy estate.  11 U.S.C. § 522(b)(4)(A).

3          As previously discussed in the court's earlier memorandum decision, the court has

4  previously concluded that the funds of the Inherited IRA may be otherwise considered

5  retirement funds qualifying for exempt status based on the plain language of 11 U.S.C. §

6  522(b)(3)(C) and thus, the first prong of the two-part test of *Hamlin* is met.  *Memorandum*

7  *Decision on Cross-Motions for Summary Judgment in Adversary Proceeding and on*

8  *Trustee's Objection Exemption in Main Bankruptcy Case,* filed on August 29, 2013, at 19-

9  23, *citing inter alia, In re Hamlin,* 465 B.R. at 870-873 (citations omitted).

10          Because as discussed above, the debtors have now shown that the retirement

11  funds in the Inherited IRA were in a retirement fund that received a favorable

12  determination under Section 7805 of the Internal Revenue Code that was still in effect as

13  of the date the debtors filed their bankruptcy petition, the debtors have proven by a

14  preponderance of the evidence that the funds in the Inherited IRA are in an account

15  exempt from taxation under one of the Internal Revenue Code provisions specified in

16  Section 522(b)(3)(C) of the Bankruptcy Code, which is the second prong of the two-part

17  test of *Hamlin*.  *In re Hamlin,* 465 B.R. at 870.  Specifically, the uncontroverted evidence

18  before the court shows that the Inherited IRA is in a retirement fund that received a

19  favorable IRS determination that was in effect as of the petition date, and thus, is entitled

20  to the presumption of exemption for purposes of Section 522(b)(3)(C) of the Bankruptcy

21  Code pursuant to Section 522(b)(4)(A).  Trustee has not made any evidentiary showing

22  to rebut this presumption.

23          Accordingly, the court now concludes that the funds in the Inherited IRA are

24  exempt based on the debtors' amended claim of exemption and that the trustee's motion

25  objecting to the debtors' amended claim of exemption as to these funds should be

26  denied.

27          ///

28

4

By separate order filed concurrently herewith, the court denies the trustee's motion objecting to Debtors' amended exemption in inherited IRA under 11 U.S.C. § 522(b)(3)(C).

IT IS SO ORDERED.

### 

Date: December 20, 2013

_____

Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **STATEMENT OF DECISION ON TRUSTEE'S MOTION OBJECTING TO DEBTORS' AMENDED CLAIM OF EXEMPTION IN THE INHERITED IRA UNDER 11 U.S.C. § 522(b)(3)(C)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **December 20, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Richard K Diamond    rdiamond@dgdk.com, DanningGill@gmail.com
- Richard K Diamond (TR)    jlv@dgdk.com, rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com
- Howard Kollitz    HKollitz@DGDK.Com, DanningGill@gmail.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Mark T Young    myoung@donahoeyoung.com

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

***Debtors***
Jeffrey Scott Trawick
Stephanie F Berry
24943 Greensbrier Drive
Stevenson Ranch, CA 91381

Kevin Meek
Danning Gill Diamond and Kollitz
1900 Ave of the Stars 11th Fl
Los Angeles, CA 90067

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an ⒶEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an ⒶEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below: